Argued April 22, affirmed May 17, reconsideration denied June 23, petition for review denied June 29, 1976

In the Matter of the Dissolution of the Marriage of
FRANCIS, *Respondent,*
*and*
FRANCIS, *Appellant.*
(No. 35535, CA 5455)

549 P2d 692

*William A. Barton,* Newport, argued the cause for appellant. With him on the brief were Barton & Armbruster, Newport.

*G. W. Henderson,* Toledo, argued the cause for respondent. With him on the brief was Paul B. Osterlund, Toledo.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

LANGTRY, J.

## LANGTRY, J.

Husband appeals from the property division portions of a marriage-dissolution decree. The marriage was in June 1973 and this case was concluded in October 1975. The parties tried to live together for 19 months. Wife was 47 and husband 53 years of age when this case was commenced.

During the marriage they contracted to purchase two residential properties, each of which cost around $7,000 and each of which has an equity value of around $2,000. They are rented, the rentals largely taking care of payments and taxes. Wife owned another similar property at time of marriage, apparently free of encumbrance, which burned down during the marriage and paid out $10,000 on its insurance, each taking $5,000 thereof. Husband had done some work on the houses. Husband claimed the half he took on account of the work he said he did on this place, and because it was he who had insisted on insuring it. Husband had a veterans' disability pension of $485 per month which has since risen to at least $655 per month. He apparently did some work for pay during the marriage, although he denied this in some of his testimony. She also worked and contributed her income to their expenses and property acquisitions.

The decree awarded one of the houses under purchase contract to each, and required husband to pay $200 per month to wife until $7,200 is paid, plus $500 for attorney fees, which was covered by stipulation. Husband objects to the money judgment against him.

The testimony reflects a stormy marriage, accompanied by much violence on the part of husband. Husband took charge of their finances, and he largely denied that wife had contributed anything toward their living expenses and the cost of acquisition of property. In this, as in most points in controversy, her testimony was directly to the contrary. She was able to prove through evidence of loans she negotiated at the

local bank for down payments for the houses, for which she used her automobile for collateral, that it was she, not he, who was telling the truth. Other evidence also pointed to her as the more truthful one.

After considering credibility, and giving the decided advantage in that regard to the wife's testimony, it must be concluded that the division of property and award of payments to be made was "just and proper" under all of the circumstances. ORS 107.105(1)(e). Even if we did not give "weight" on questions of credibility to the trial judge's opinion because he saw and heard the witnesses, which we do, *Cavilee and Cavilee,* 21 Or App 506, 535 P2d 774 (1975), the record we have reviewed in this case would convince us that the decree is right.

Affirmed. Costs to respondent.